## Jenkins v. Pennsylvania Power Co.

*Edwin K. Logan*, for plaintiff.

*William J. Caldwell* and *Hugus, Caldwell & McFate*, for defendant.

BRAHAM, P. J., December 21, 1940.—This case came on for argument before the court upon defendant's affidavit of defense raising questions of law. Because of the absence of Thomas W. Dickey, J., due to illness, it was agreed that the case might be heard and disposed of by the president judge sitting alone.

The action is one brought to recover damages for the death of William I. Jenkins, alleged to have been caused through the negligence of defendant. The statement of claim alleges that the deceased was an employe of Bell Telephone Company and was fatally injured when a pole belonging to defendant fell with him. The point raised by this affidavit of defense is that, under the provisions of section 319 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 4, 1937, P. L. 1552, sec. 1, 77 PS §671, the employer of the deceased is subrogated to the right of the employe or his dependents against the third person whose negligence has caused the injury and is thus a necessary party plaintiff. Plaintiff's suit is brought by the widow as administratrix of her husband's estate for the benefit of herself and the minor children of the deceased. It is defendant's contention that under Pa. R. C. P. 2002 Bell Telephone Company, as the employer liable to compensation, must be added as a party plaintiff. Rule 2002 which is called in question reads as follows:

"(a) Except as otherwise provided in clauses (b) and (c) of this rule, all actions shall be prosecuted by and in

the name of the real party in interest, without distinction between contracts under seal and parol contracts.

"(b) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

"(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or

"(2) is a person with whom or in whose name a contract has been made for the benefit of another.

"(c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise": Adopted February 14, 1939, and effective September 4, 1939.

This rule must, however, be considered in connection with Pa. R. C. P. 2202, relating to actions for death caused by negligence, which reads as follows:

"(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.

"(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages.

"(c) While an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death": Adopted February 14, 1939, and effective September 4, 1939.

It is thus apparent that this action, brought in the name of the personal representative of the deceased, is in exact conformity with rule 2202. Upon further reference it also appears that the present case falls squarely within the exception found in rule 2202(b)1 because plaintiff "is acting in a fiduciary or representative capacity," which

capacity is disclosed in the caption under plaintiff's initial pleading. It was probably not necessary for plaintiff, having declared that she was suing as administratrix of her deceased husband, to add in the caption the name of herself and her children as the beneficiaries.

Plaintiff's statement of claim does not disclose a case in which it is clearly apparent that compensation would be recoverable because of the death of the deceased. It is nowhere alleged in the statement of claim that the provisions of The Workmen's Compensation Act had not been waived by William I. Jenkins, the deceased employe. This is the occasion of bitter complaint on the part of defendant, but after all what defendant does now is but to file a speaking demurrer. Let us not be misunderstood. We agree with defendant that it is the clear intent and purpose of these modern rules to require the disclosure of outstanding interests in the right to recover, of which the claim of the Bell Telephone Company to subrogation for the amount of compensation payable by it is typical. Furthermore, it will be noted that the relevant provision of The Workmen's Compensation Act does not refer to compensation paid but to compensation payable. Because we are in agreement with defendant on this main point no extended discussion of the cases cited in defendant's brief, such as Hemminger v. Johnson, 39 D. & C. 13, and Seaman v. West Penn Rwy. Co., reported only in a note in 39 D. & C. 68a, is required. But defendant's present pleading is bad.

Enough has been said to indicate our apprehension of defendant's position. There is an outstanding demand which possibly may be made against defendant even to the extent of an additional suit. Of course, if defendant is actually threatened with suit at the hands of the employer proceeding on his subrogation claim, defendant has ample redress under the rules of civil procedure relating to interpleader by defendant: Rules 2301 to 2325, incl. The Act of April 15, 1851, P. L. 669, sec. 19, 12 PS §1601, and the Act of April 26, 1855, P. L. 309, amended

by the Act of June 7, 1911, P. L. 678, 12 PS §1602, give rise to a statutory cause of action which the rules of our Supreme Court, 2201 to 2225, inclusive, are but designed to regulate. However, the Act of June 21, 1939, P. L. 520, sec. 1, 77 PS §671, granting the right of subrogation to an employer who is liable to compensation, is a later word from the legislature. It specifically refers to the injury or death of an employe and specifically subrogates the employer to the right of defendant in case of death. Whether or not an independent action might be maintained by the employer on his right of subrogation and whether or not the threat of such action would be sufficient to entitle defendant to bring in the employer by interpleader are not now before the court. It is sufficient to point out the possibilities.

Under these circumstances we feel the interests of justice would best be served by treating defendant's affidavit of defense raising a question of law as a motion for a more specific statement of claim, as to whether or not the employment of the deceased, William I. Jenkins, was under the provisions of The Workmen's Compensation Act. Plaintiff must file such an amendment. It might further be observed in the interest of shortening these proceedings that, if the provisions of The Workmen's Compensation Act were in fact accepted, plaintiff may ultimately be required to set out in her statement of claim the name of the employer, who claims by subrogation for workmen's compensation payable, as one of "those persons entitled by law to recover damages for such wrongful death", mentioned in Pa. R. C. P. 2202 and 2204. We do not believe the name of the employer need appear in the caption. Our procedure in this respect is not without warrant of authority: 3 Standard Pennsylvania Practice 679, and 4 Standard Pennsylvania Practice 62.

Our ruling in this case, although perhaps unusual, is based upon five beliefs: (1) Defendant is not at present entitled to a dismissal of this case because all the facts necessary to a dismissal do not appear in the statement

of claim and defendant has filed a "speaking demurrer"; (2) in such a case the plaintiff should include the employer who is liable for compensation as one of the beneficiaries of the action; (3) the employer could compel its own joinder as party plaintiff; (4) defendant can raise the present objection by its affidavit of defense; (5) the interests of justice favor the development of the true situation now. Entertaining these views we make the following

*Order*

Now December 21, 1940, plaintiff's statement of claim is stricken off unless within 15 days from the date of this order a more specific statement of claim be filed alleging whether or not William I. Jenkins had expressly or impliedly accepted the provisions of The Workmen's Compensation Act in the employment of the Bell Telephone Company in which he met his death. Otherwise the affidavit of defense raising questions of law is overruled and refused.